[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] FINDINGS OF FACT AND CONCLUSIONS OF LAW
FINDINGS OF FACT
1. On March 3, 1997 the Aetna Life Insurance Company entered into a brokerage agreement with Farley Whittier Partners in connection with the sale of property known as the Hastings Hotel and Conference Center.
2. John McCormick the Farley Whittier Partner involved in the sale had no expertise in the hotel industry and accordingly entered an agreement to associate in the project with the Hopgood Group.
3. The principle of the Hopgood Group was Suzanne Hopgood.
4. The only employee of the Hopgood Group authorized to sell real estate and collect a real estate commission was the plaintiff Thomas Lorenzo.
5. Ms. Hopgood's husband, the defendant Lord, was a licensed real estate broker but he was not employed by the Hopgood Group.
6. Mr. Lorenzo performed services as a real estate sales agent in connection with the marketing and sale of the Hastings.
7. Under the real estate commission split agreement between Farley Whittier and the Hopgood Group, the commission for the sale was paid to CT Page 7013 the defendant Lord individually and not to the Hopgood Group.
8. There is a custom in the industry to split commissions 50-50 between an agent and a broker when both work to effect the sale of the property.
9. Mr. Lord received a real estate broker commission of $157,500.00 for the sale of Hastings although he spent only five to fifteen hours of effort on the transaction.
10. Mr. Lorenzo documented hours totaling 297 1/2 on the transaction.
11. Mr. Lorenzo was an employee of the Hopgood Group with duties which included financial analysis and with an annual salary of $60,000.00.
12. There was no evidence from any witness relating to any discussions or agreements prior to the sale of the Hastings concerning the payment of a commission to Mr. Lorenzo.
13. Mr. Lorenzo showed the property to the entity that ultimately purchased the property.
14. Although there were some modifications in the terms of the sale after Mr. Lorenzo left the employment of the Hopgood Group. Mr. Lorenzo's efforts produced buyers who were ready, willing and able to purchase the property.
15. Mr. Lorenzo could be viewed as a procuring cause of the transaction.
CONCLUSIONS OF LAW
1. Mr. Lorenzo had no contract written or oral with either Mr. Lord or Ms. Hopgood or the Hopgood Group which entitled him to the payment of a commission.
2. Mr. Lord had no implied contract with Mr. Lorenzo and consequently is not in breach of any implied contract with Mr. Lorenzo.
3. The plaintiff has withdrawn his claim for breach of implied covenants of good faith and fair dealing.
4. The elements of unjust enrichment in Connecticut are:
a. That the defendant was benefitted [benefited].
 b. That the defendant unjustly did not pay the CT Page 7014 plaintiff for the benefits.
 c. That failure of payment was to the plaintiff's detriment.
5. Mr. Lorenzo was a full time employee of the Hopgood Group paid for his efforts and, while he devoted extensive time to the sale of the Hastings, his efforts in that regard were in his capacity as a full time employee of the Hopgood Group. Consequently, the defendant, Mr. Lord, was not unjustly enriched by his failure to pay benefits to the plaintiff.
CONCLUSION
The court finds no implied contract and no unjust enrichment and finds for the defendant on all counts.
THE COURT
By Kevin E. Booth, J.